NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3725
_____

JOSHUA SILFEE, Individually and on
behalf of all others similarly situated

v.

AUTOMATIC DATA PROCESSING, INC.;
ERG STAFFING SERVICE, LLP,
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-15-cv-00023)
District Judge: Honorable A. Richard Caputo
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 26, 2017

Before: HARDIMAN, ROTH, and FISHER, *Circuit Judges*

(Filed: June 13, 2017)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

HARDIMAN, *Circuit Judge*

ERG Staffing Services, Inc. appeals the District Court's order denying its motions to compel arbitration and to dismiss. Because the District Court erroneously ruled on ERG's motion to dismiss before resolving its motion to compel arbitration, we will vacate and remand.

I

Appellee Joshua Silfee sued ERG, his former employer, alleging that ERG's payroll practices violated Pennsylvania law. ERG filed a motion to compel arbitration pursuant to Section 4 of the Federal Arbitration Act (FAA), arguing that the arbitration agreement between Silfee and ERG's payroll vendor precluded Silfee's suit against ERG. The District Court opted to "delay ruling" on ERG's motion to compel arbitration, App. 9, and proceeded to deny ERG's separately filed motion to dismiss based on the merits of Silfee's state law claim. ERG appealed.

II[1]

The Federal Arbitration Act manifests a "liberal federal policy favoring arbitration agreements" and was passed with the purpose of moving litigants "out of court and into arbitration as quickly and easily as possible." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22–24 (1983). Section 4 of the FAA provides that "[a] party

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332(d). We have jurisdiction under 9 U.S.C. § 16(a)(1). "We exercise plenary review over questions regarding the validity and enforceability of an agreement to arbitrate." *Puleo v. Chase Bank USA, N.A.*, 605 F.3d 172, 177 (3d Cir. 2010).

aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. Because "arbitration is a matter of contract . . . [and is] predicated upon the parties' consent," a court ruling on a motion to compel under § 4 must first determine if the parties intended to arbitrate the dispute. *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 771 (3d Cir. 2013) (citations and alterations omitted).

The District Court erred in bypassing this § 4 inquiry to rule on ERG's motion to dismiss. Arbitrability is a "gateway" issue, so "a court should address the arbitrability of the plaintiff's claim *at the outset* of the litigation." *Reyna v. Int'l Bank of Commerce*, 839 F.3d 373, 378 (5th Cir. 2016) (emphasis added). In deciding a motion to compel arbitration, the role of the court "is strictly limited to determining arbitrability and enforcing agreements to arbitrate, leaving the merits of the claim and any defenses to the arbitrator." *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 478 (9th Cir. 1991). Thus, after a motion to compel arbitration has been filed, the court must "refrain from further action" until it determines arbitrability. *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004) (citation omitted). District courts may not alter this sequencing: "By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

The seeds of the District Court's confusion may have been sown by our decision in *Guidotti*, where we described "the standard for district courts to apply" when assessing motions to compel arbitration. 716 F.3d at 771. In *Guidotti*, we explained that a district court should apply one of two standards, depending on the circumstances. "[W]hen it is apparent, based on the face of a complaint, and documents relied upon in the complaint, that certain of a party's claims are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay." *Id.* at 776 (alterations and citation omitted). "But if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue," the district court may order limited briefing and discovery on the issue of arbitrability, then assess the question under the summary judgment standard. *Id.*

The District Court did not think that *Guidotti* provided "a clearly-articulated standard of review" for this case. App. 9. It reasoned that "a disposition of a motion to compel arbitration under the summary judgment standard would be premature in this case," but also thought that using "the 12(b)(6) standard would . . . run afoul of *Guidotti* because such a standard is to be applied only in cases where a party does not question the arbitrability or applicability of the arbitration agreement." *Id.* Considering itself caught between a rock and a hard place, the District Court opted to "delay ruling on [ERG's] motions to compel arbitration until a summary judgment stage when discovery is

4

underway." *Id.*

The District Court committed two errors in this regard. First, it did not recognize that the standards laid out in *Guidotti* are truly dichotomous. Because either the Rule 12(b)(6) or the Rule 56 standard will apply, there are no circumstances in which *Guidotti* does not provide a "clearly-articulated standard of review." App. 9. Second, the District Court misstated the applicability of the Rule 12(b)(6) standard, reasoning that it "is to be applied only in cases where a party does not question the arbitrability or applicability of the arbitration agreement." *Id.* But that interpretation would render the Rule 12(b)(6) standard a nullity; if a party has filed a motion to *compel* arbitration, then the other party *necessarily* questioned arbitrability. *See* 9 U.S.C. § 4 (explaining that a motion to compel is filed after "the failure, neglect, or refusal of another to arbitrate"). Rather, if a party moves to compel arbitration based on an authentic arbitration agreement that is attached to the complaint, the Rule 12(b)(6) standard is appropriate unless "the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue." *Guidotti*, 716 F.3d at 776.

Having clarified our holding in *Guidotti*, we now turn to the facts of this appeal. In his complaint, Silfee alleged that ERG violated Pennsylvania law by paying his wages through a debit card system that imposed various fees. ERG then submitted the terms and conditions that Silfee received from the payroll vendor along with that card, which included the arbitration clause at issue in this case. With a concededly authentic arbitration agreement attached to the complaint, the Rule 12(b)(6) standard was

appropriate unless Silfee produced "additional facts sufficient to place the agreement to arbitrate in issue." *Guidotti*, 716 F.3d at 776. He did not do so. Silfee neither denied receipt of and assent to the terms and conditions, nor did he seek discovery. Instead, he argued that the arbitration agreement was unenforceable by ERG for "pure legal" reasons. Silfee Br. 4. Those legal questions—based entirely on documents attached to the complaint—do not require additional discovery. *Guidotti*, 716 F.3d at 776. Thus, the District Court should have applied the Rule 12(b)(6) standard and should do so on remand.

III

Though both Silfee and ERG urge us to rule on arbitrability, we think it imprudent to do so. "It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 120 (1976). Here, the District Court did not identify—much less analyze—any of the parties' competing arguments regarding arbitrability. Accordingly, we will remand to the District Court for consideration of ERG's motion to compel arbitration in the first instance.

*      *      *

For the foregoing reasons, we will vacate the order of the District Court and remand for further proceedings consistent with this opinion.