# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued May 11, 2020              Decided July 24, 2020

No. 19-7019

JIN O. JIN,
APPELLEE

v.

PARSONS CORPORATION,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:18-cv-02222)

*Joseph E. Schuler* argued the cause and filed the briefs for appellant.

*John Thomas Harrington* argued the cause for appellee. With him on the brief was *R. Scott Oswald.*

Before: HENDERSON, GARLAND and PILLARD, *Circuit Judges.*

Opinion for the Court filed by *Circuit Judge* HENDERSON.

KAREN LECRAFT HENDERSON, *Circuit Judge*: When a defendant is sued in federal court but maintains that he agreed to litigate disputes with the plaintiff through arbitration, the

Federal Arbitration Act (FAA), 9 U.S.C. §§ 4 *et seq.*, allows the defendant to move the district court to compel the parties to arbitrate their dispute. But if arbitrability of the dispute itself is in issue, the FAA instructs the district court to proceed summarily to trial on that limited issue.[1] Here, Jin O. Jin, a long-time employee of Parsons Corporation (Parsons), sued Parsons for employment discrimination. Parsons moved to compel arbitration. Concluding that genuine disputes of material fact existed as to whether Jin agreed to arbitrate, the district court denied the motion. Because § 4 of the FAA requires the district court to proceed "summarily to . . . trial" on the issue of arbitrability if it is in dispute, we conclude that the district court erred by denying the motion before definitively resolving the issue via trial. Instead, on remand, the district court should hold the motion in abeyance pending its prompt resolution of whether the parties agreed to arbitrate.

## I.  BACKGROUND

The FAA provides that

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. "This text reflects the overarching principle that arbitration is a matter of contract." *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013). "[C]onsistent with that

---

[1] We use "arbitrability" to refer to whether a valid, enforceable arbitration agreement exists, not the potentially broader question whether the arbitration agreement covers the claim(s) at issue.

text, courts must 'rigorously enforce' arbitration agreements according to their terms . . . ." *Id.* (citation omitted). But "[b]efore determining that the [FAA] applies, the court must decide that the [parties] . . . agreed to arbitrate." *Camara v. Mastro's Rests. LLC*, 952 F.3d 372, 373 (D.C. Cir. 2020) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)); *see also Howard v. Ferrellgas Partners, L.P.*, 748 F.3d 975, 977 (10th Cir. 2014) ("[B]efore the [FAA's] heavy hand in favor of arbitration swings into play, the parties themselves must *agree* to have their disputes arbitrated.").

Here, Jin sued Parsons for employment discrimination but the parties disagree whether Jin agreed to arbitrate disputes with the company. Parsons asserts that in 1998 it instituted an Employee Dispute Resolution (EDR) program, which included an Agreement to Arbitrate (Agreement). In October 2012, Parsons updated its program and emailed its employees notifying them about the changes and asking them to complete a certification indicating that that they had received the Agreement. The email stated that "[i]f you do not sign the Agreement to Arbitrate, your continued employment with Parsons after the Effective Date will constitute your acceptance of the Agreement to Arbitrate." J.A. 26. Based on a sworn declaration by one of its human resources directors and its email records, Parsons maintains that it sent the email to Jin four times and that although he never signed the Agreement, he continued to work for the company for several years thereafter. In response, Jin submitted a declaration that he had no recollection of the initial 1998 EDR program or the Agreement, that he did not recall receiving any emails from Parsons about the Agreement in 2012 and that he had never reviewed the Agreement nor signed it.

Parsons moved to stay judicial proceedings and to compel arbitration on December 17, 2018.  On January 29, 2019, the district court denied Parsons's motion, concluding that Jin's intent to be bound by the Agreement presented a genuine dispute of material fact. *Jin v. Parsons Corp.*, 366 F. Supp. 3d 104, 105 (D.D.C. 2019).  Instead of holding a trial limited to resolving that factual dispute, as FAA § 4 commands, the district court ordered Parsons to answer Jin's complaint on the merits and directed the parties to confer regarding discovery pursuant to Federal Rule of Civil Procedure 26(f).  With the litigation poised to proceed past arbitration and on to the merits, Parsons then timely appealed.

## II.  DISCUSSION

### A.  Jurisdiction

We have jurisdiction of the district court's denial of Parsons's motion to compel arbitration under 9 U.S.C. § 16(a).[2]

---

[2]  Section 16(a) provides:

  (a) An appeal may be taken from—
    (1) an order—
        (A) refusing a stay of any action under section 3 of this title,
        (B) denying a petition under section 4 of this title to order arbitration to proceed,
        (C) denying an application under section 206 of this title to compel arbitration,
        (D) confirming or denying confirmation of an award or partial award, or
        (E) modifying, correcting, or vacating an award;
    (2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or

At oral argument, *see* Oral Arg. Rec. 31:35–31:55, a question arose regarding our jurisdiction, comparing Parsons's appeal to the interlocutory appeal of a district court's denial of summary judgment. *See Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 296 (D.C. Cir. 2006) ("[A]s a general rule, we lack jurisdiction to hear an appeal of a district court's denial of summary judgment."). But we are confident of our jurisdiction of this appeal. First, the plain language of § 16(a) states that "[a]n appeal may be taken from . . . an order . . . refusing a stay of any action under section 3 of this title . . . [or] denying a petition under section 4 of this title to order arbitration to proceed." 9 U.S.C. § 16(a)(1)(A)–(B). Indeed, our precedent assumes our jurisdiction of such a denial, including a denial based on the existence of a genuine dispute of material fact, if the district court opens the door for the case to proceed to the merits.[3] *See Camara*, 952 F.3d at 373 ("This

---

            (3) a final decision with respect to an arbitration that is subject to this title.

   [3] In *John Thompson Beacon Windows, Ltd. v. Ferro, Inc.*, 232 F.2d 366, 367–68 (D.C. Cir. 1956), we held that we lacked jurisdiction of an interlocutory appeal of a denial of a motion to compel arbitration before the district court made a final decision on all issues involving the arbitrability of the dispute. We lacked jurisdiction because the denial was not a "final decision" giving rise to our jurisdiction under 28 U.S.C. § 1291. *Id.* That decision, however, predated the Congress's amendment of the FAA to add § 16(a) in 1988, *see* Judicial Improvements and Access to Justice Act, Pub. L. No. 100-702, § 1019, 102 Stat. 4642, 4671 (1988), which expressly provided our jurisdiction of a denial of a motion to compel arbitration. *See Snowden v. CheckPoint Check Cashing*, 290 F.3d 631, 636 (4th Cir. 2002) ("[T]he record unequivocally reflects that the district court entered an order denying Elite's Motion to Compel Arbitration/Stay Proceedings. Under the plain language of § 16(a)(1)(A)–(B) of the FAA, this circumstance is all that is necessary to grant us appellate jurisdiction in this case."); *cf. Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 628–29 (2009) ("The

is an interlocutory appeal from an order of the district court denying a motion to compel arbitration." (citing 9 U.S.C. § 16(a)(1))). Here, as in *Camara*, the district court's denial of the motion to stay proceedings and compel arbitration purported to conclude the gateway inquiry into whether the dispute should be arbitrated and signaled the beginning of the merits litigation. Section 16(a)(1) supports our jurisdiction of an immediate appeal in these circumstances.

Second, precedent of our sister circuits supports our jurisdiction of such a denial. *See Microchip Tech. Inc. v. U.S. Philips Corp.*, 367 F.3d 1350, 1355 (Fed. Cir. 2004) ("We agree with our sister circuits that section 16 allows for appeal of orders denying motions to compel arbitration even when the issue of arbitrability has not been finally decided."); *Boomer v. AT & T Corp.*, 309 F.3d 404, 412 (7th Cir. 2002) ("We acknowledge that the district court intended to reconsider the question of arbitrability following further fact-finding and possibly a trial. However, that does not defeat this court's jurisdiction. The plain language of Section 16(a)(1) provides for an appeal from 'an order refusing a stay' or 'denying a petition to order arbitration to proceed,' and the district court in this case expressly did both."); *Snowden v. CheckPoint Check Cashing*, 290 F.3d 631, 635–36 (4th Cir. 2002) ("plain language of § 16(a)(1)(A)–(B) of the FAA" grants appellate jurisdiction of order denying motion to compel arbitration); *Sandvik AB v. Advent Int'l Corp.*, 220 F.3d 99, 102 (3d Cir. 2000) ("The language of § 16 provides for appeals of orders denying arbitration, and it makes no distinction between orders denying arbitration and 'final orders' that accomplish the same

---

jurisdictional statute here unambiguously makes the underlying merits irrelevant, for even utter frivolousness of the underlying request for a § 3 stay cannot turn a denial into something other than '[a]n order . . . refusing a stay of any action under section 3.'" (quoting 9 U.S.C. § 16(a))).

end.").  Granted, in those cases, on denying a motion to compel arbitration, the district court also signaled its intention to consider the arbitrability question further before reaching the merits.  Here, however, we need not address that factual scenario because the district court denied Parsons's motion outright without any indication of further proceedings on the question of whether Jin agreed to arbitrate.  Our guidance to district courts as explained below should avoid such a scenario in the future.

Third, unlike a denial of summary judgment which is generally not a final order under 28 U.S.C. § 1291, our review of a denial of a motion to compel arbitration under § 16(a) of the FAA is not limited to a final order.  *See Bombardier Corp. v. Nat'l R.R. Passenger Corp.*, 333 F.3d 250, 253 (D.C. Cir. 2003) ("[Section 16 of the FAA] authorizes not only appellate jurisdiction, but in some cases, interlocutory appeals which constitute exceptions to the final decision rule of Section 1291."); *see also Sandvik AB*, 220 F.3d at 103  ("Congress decided to use the word 'final' in one part of [section 16], but declined to do so in the section that declares that orders denying motions to compel arbitration are indeed appealable.").

## B.  Section 4's Trial Provision

Notwithstanding our conclusion that we have jurisdiction to hear Parsons's appeal, 9 U.S.C. § 4 makes plain that the district court, once it concluded that a genuine dispute of material fact existed as to whether Jin assented to the arbitration agreement, should have proceeded to try the issue of arbitrability.

Section 4 of the FAA provides that if, in considering a motion to compel arbitration, the district court determines that "the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall

proceed summarily to the trial thereof." 9 U.S.C. § 4. If the jury—or the court in a bench trial—finds no arbitration agreement was made, the case must proceed to the merits. *Id.* If it finds a valid agreement was made, the court then orders the parties to arbitrate. *Id.*

Interpreting § 4, then-Judge Gorsuch, writing for the Tenth Circuit, explained that:

> Having found unresolved questions of material fact precluded it from deciding definitively whether the parties agreed to arbitrate, the district court was in no position to *deny* a motion to arbitrate. It *had* to move promptly to trial of the unresolved factual questions surrounding the parties' claimed agreement to arbitrate.

*Howard*, 748 F.3d at 978–79. The district court cannot simply deny the motion and continue on with a proceeding on the merits, because if the parties did in fact agree to arbitrate, the party seeking to compel arbitration is entitled to have the case arbitrated. *See id.* at 977 ("The object is always to decide quickly—summarily—the proper venue for the case, whether it be the courtroom or the conference room, so the parties can get on with the merits of their dispute."). Other courts agree with the Tenth Circuit's interpretation of § 4. *See Berkeley Cty. Sch. Dist. v. Hub Int'l Ltd.*, 944 F.3d 225, 241 (4th Cir. 2019) (Section 4 of the FAA "obliged the district court to conduct trial proceedings and thereby resolve those disputes before resolving the Arbitration Motion"); *Tassy v. Lindsay Entm't Enters., Inc.*, No. 17-5338, 2018 WL 1582226, at *1 (6th Cir. Feb. 22, 2018) (unpublished) (holding that district court's denial of motion to compel arbitration without summarily determining whether parties formed an agreement to arbitrate

was error); *Neb. Mach. Co. v. Cargotec Sols., LLC*, 762 F.3d 737, 744 (8th Cir. 2014) ("[B]ecause issues of fact remained on the formation of the arbitration agreement, the district court erred in failing to summarily proceed to trial on those issues as the FAA instructs."); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983) (section 4 of FAA "call[s] for an expeditious and summary hearing, with only restricted inquiry into factual issues"). These cases make clear that the "thing the district court may never do is find a material dispute of fact *does* exist and then proceed to *deny* any trial to resolve that dispute of fact." *Howard*, 748 F.3d at 978.

This case law does not mean, however, that a district court can never deny a motion to compel arbitration without holding a trial in accordance with § 4. As the Tenth Circuit explained, "[w]hen it's apparent from a quick look at the case" that no genuine disputes of material fact exist, "it may be permissible and efficient for a district court to decide the arbitration question as a matter of law through motions practice and viewing the facts in the light most favorable to the party opposing arbitration." *Id.* "In these circumstances, [§ 4's] summary trial can look a lot like summary judgment." *Id.* Indeed, that is why our circuit initially analyzes a motion to compel arbitration like a motion for summary judgment. *See, e.g., Camara*, 952 F.3d at 373 (district court correctly treated motion to compel arbitration as if movant "sought summary judgment under Federal Rule of Civil Procedure 56(c) with respect to the question" whether parties agreed to arbitrate (citing *Aliron Int'l, Inc. v. Cherokee Nation Indus., Inc.*, 531 F.3d 863, 865 (D.C. Cir. 2008))). Thus, if the district court determines as a matter of law that the parties did or did not agree to arbitrate, for instance, it may grant or deny a motion to compel arbitration without proceeding to a § 4 trial and our review of the decision would lie. *See, e.g.*, *Aliron Int'l*, 531

F.3d at 865 (affirming district court's grant of motion to compel arbitration and dismissal of case).

Although a motion to compel arbitration is similar to a motion for summary judgment in framing the burden of proof, the two motions are of course not identical. In other words, Rule 56(c) does not displace § 4 of the FAA. Thus, unlike a standard motion for summary judgment—where the movant's failure to show the absence of any genuine dispute of material fact results in a denial and the case proceeds to trial on the merits—a motion to compel arbitration cannot simply be denied if the district court determines a genuine dispute of material fact exists. *See Howard*, 748 F.3d at 978. The arbitrability of a dispute is a "gateway" issue, meaning that "a court should address the arbitrability of the plaintiff's claim at the outset of the litigation." *Reyna v. Int'l Bank of Commerce*, 839 F.3d 373, 376, 378 (5th Cir. 2016); *see also Silfee v. Automatic Data Processing, Inc.*, 696 F. App'x 576, 577 (3d Cir. 2017) (unpublished) ("[A]fter a motion to compel arbitration has been filed, the court must 'refrain from further action' until it determines arbitrability." (quoting *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004))). The district court cannot postpone deciding the question of arbitrability *vel non* and allow the case to proceed on the merits. Section 4 makes clear that the parties are entitled to have the correct venue—court or arbitration—established at the outset and, accordingly, requires any dispute on that issue be decided "summarily" through a trial. 9 U.S.C. § 4.

For these reasons, we conclude that under § 4, a district court, upon finding that a genuine dispute of material fact exists as to "the making of the arbitration agreement," including whether the parties assented to the agreement, should proceed summarily to trial solely on the issue of arbitrability. And in light of our holding and § 4's emphasis on resolving the issue

of arbitrability first before resolving any other issues in the case, we will not review *in futuro* denials of motions to compel arbitration based on the existence of genuine disputes of material fact.

## C.  District Court Procedure

Our holding today decides an issue of first impression,[4] procedure under § 4.  Indeed, even recently, we reached the merits of an appeal of a denial of a motion to compel arbitration based on genuine disputes of material fact, *see Camara*, 952 F.3d at 374–75, but the issue of § 4's trial provision and the proper procedure for the district court to follow was not raised in that case.  Moreover, district court judges have taken a variety of approaches in considering motions to compel arbitration under § 4 when genuine disputes of material fact exist.  *See PCH Mut. Ins. Co. v. Cas. & Sur., Inc.*, 569 F. Supp. 2d 67, 78 (D.D.C. 2008) (holding motion in abeyance); *Cox v. Midland Funding, LLC*, No. 1:14-CV-1576-LMM-JSA, 2015 WL 12862931, at *1 (N.D. Ga. June 11, 2015) (same); *Reed v. Johnson*, No. 4:14-CV-176–SA–JMV, 2015 WL 9595518, at *1 (N.D. Miss. Nov. 4, 2015) (same); *Cannon v. SFM, LLC*, No. 18-2364-JWL, 2019 WL 568581, at *3 (D. Kan. Feb. 12, 2019) (taking motion under advisement); *Greiner v. Credit Acceptance Corp.*, No. 16-01328-EFM-TJJ, 2017 WL 586727, at *1 (D. Kan. Feb. 13, 2017) (reserving judgment on motion); *LPF II, LLC v. Cornerstone Sys., Inc.*, No. 17-2417-DDC-JPO, 2018 WL 994708, at *5 (D. Kan. Feb. 21, 2018) (denying

---

[4] Although we addressed § 4's trial provision in *John Thompson Beacon Windows*, 232 F.2d at 367–68, our decision rested on a jurisdictional determination made before the addition of § 16(a) of the FAA.  *See supra* n.3.  It did not address the proper procedure for the district court to follow if it determined that a genuine dispute of material fact existed on the issue of arbitrability in reviewing a motion to compel arbitration.

motion "pending a summary trial on the question of arbitrability"); *Signature Tech. Sols. v. Incapsulate, LLC*, 58 F. Supp. 3d 72, 85 (D.D.C. 2014) (denying motion without prejudice pending further proceedings); *Mariano v. Gharai*, 999 F. Supp. 2d 167, 173–74 (D.D.C. 2013) (same); *Institut Pasteur v. Chiron Corp.*, 315 F. Supp. 2d 33, 40 (D.D.C. 2004) (same).

We conclude that the proper procedure for the district court to follow, upon finding that a genuine dispute of material fact exists, is to hold the motion to compel arbitration in abeyance pending a trial on the issue of arbitrability. In this way, the motion remains pending until the arbitrability issue is decided. Once the final decision is reached, that decision is appealable.

\* \* \*

In view of our holding and the parties' agreement that remand for a § 4 trial is the proper disposition of this case, *see* Oral Arg. Rec. 32:40–33:07, 34:00–34:40, we remand to the district court without addressing the factual dispute regarding whether Jin agreed to arbitrate his dispute with Parsons. Accordingly, the district court order denying Parsons's motion to compel arbitration is vacated and the case is remanded for proceedings consistent with this opinion.

*So ordered.*