NATS, Inc. v. Radiation Shield Techs., Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of March, two thousand twenty-three.

PRESENT:

**DENNIS JACOBS,**
**MICHAEL H. PARK,**
**WILLIAM J. NARDINI,**
*Circuit Judges.*

---

**NATS, Inc.,**

*Plaintiff-Appellee*,

v.                                                            22-369

**Radiation Shield Technologies, Inc.,**
**Ronald DeMeo,**

*Defendants-Appellants.*\*

---

* The Clerk of Court is respectfully directed to amend the caption accordingly.

FOR PLAINTIFF-APPELLEE: PATRICK M. FAHEY, Shipman & Goodwin LLP, Hartford, CT.

FOR DEFENDANTS-APPELLANTS: DWAYNE A. ROBINSON, Kozyak Tropin & Throckmorton LLP, Miami, FL (Joshua Truppman, Brodsky Fotiu-Wojtowicz, PLLC, Miami, FL, *on the brief*).

Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Radiation Shield Technologies, Inc. and Ronald DeMeo ("Defendants") appeal the district court's denial of their motion to compel arbitration. Plaintiff NATS, Inc. sued Defendants in 2021 for breach of contract, fraud, and violation of Connecticut's Unfair Trade Practices Act in connection with an order for 1,500 hazmat suits. Defendants moved to compel arbitration under the Federal Arbitration Act ("FAA"), arguing that NATS expressly agreed to arbitrate when its president signed a non-disclosure agreement ("NDA"). The district court denied the motion without prejudice to renewal pending "trial on the narrow question" whether there is "in existence an agreement to arbitrate." Appellants' App'x at 436. Defendants appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court's jurisdiction is generally limited to appeals from "final decisions of the district courts of the United States." 28 U.S.C. § 1291. But we have jurisdiction under the FAA to hear an appeal from "an order . . . denying a petition under section 4 of this title to order arbitration to

2

proceed." 9 U.S.C. § 16(a)(1)(B); *see Chorley Enters., Inc. v. Dickey's Barbecue Rest., Inc.*, 807 F.3d 553, 561 (4th Cir. 2015) ("Section 16(a)(1)(b) provides for interlocutory appeals of orders denying arbitration without stating whether those orders must be final.").

"We review *de novo* the denial of a motion to compel arbitration." *Soliman v. Subway Franchisee Advert. Fund Tr., Ltd.*, 999 F.3d 828, 833 (2d Cir. 2021) (citation omitted). "Courts deciding motions to compel arbitration apply a standard similar to that applicable for a motion for summary judgment. On a motion for summary judgment, the court considers all relevant, admissible evidence submitted by the parties." *Id.* (cleaned up). Here, the district court determined that there was a "genuine issue as to whether there is in existence an agreement to arbitrate." Appellants' App'x at 436. We thus limit our review to whether the district court correctly found that "a genuine dispute of material fact remained." *Quilloin v. Tenet HealthSystem Phila., Inc.*, 673 F.3d 221, 227 n.3 (3d Cir. 2012).

We agree with the district court that there are factual disputes regarding the existence of an agreement to arbitrate. "In order for an enforceable contract to exist, the court must find that the parties' minds had truly met." *Tirreno v. Hartford*, 129 A.3d 735, 739 n.5 (Conn. App. Ct. 2015); *see Vision Palm Springs, LLLP v. Michael Anthony Co.*, 272 So. 3d 441, 444 (Fla. Dist. Ct. App. 2019) ("Contract formation requires a manifestation of mutual assent, the existence of which is determined by an objective test." (footnote omitted)).[1] There is a material dispute of fact as to whether NATS assented to the NDA. Among other factual disputes, the record shows that NATS sent a signed version of the NDA to a third party, Tech Flow Co., not to Defendants. The parties

---

[1] The parties dispute whether Florida or Connecticut law applies. We need not decide the issue because there are factual disputes as to mutual assent under the law of both states.

dispute whether Tech Flow had authorization to later forward the NDA to Radiation Shield Technologies. The district court's decision to deny the motion to compel arbitration was thus correct.

We find no error in the district court's denial of Defendants' motion to compel arbitration, entered without prejudice. But the denial without prejudice coupled with an immediate trial of the material unresolved questions creates uncertainty as to appellate jurisdiction in particular cases. So, we note that a district court may consider other courses of action when it determines that a limited trial on the issue of an arbitration agreement's existence is necessary. For example, a district court could hold a motion to compel arbitration in abeyance pending trial, thereby precluding parties from taking unmeritorious, interlocutory appeals by not issuing an order that technically falls within the terms of § 16(a)(1). *Cf. Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 672 (9th Cir. 2021); *Jin v. Parsons Corp.*, 966 F.3d 821, 827–28 (D.C. Cir. 2020). In any event, the district court here correctly decided to "proceed summarily to the trial" on arbitrability. 9 U.S.C. § 4.

We have considered all of Defendants' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4