**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| BILL HANSEN,<br>*Plaintiff-Appellee*,<br><br>v.<br><br>LMB MORTGAGE SERVICES, INC.,<br>DBA Lowermybills.com; CPL<br>ASSETS, LLC, DBA Core Digital<br>Media,<br>*Defendants-Appellants*,<br><br>and<br><br>DIGITAL MEDIA SOLUTIONS, LLC,<br>DBA DCMG,<br>*Defendant.* | No. 20-15272<br><br>D.C. No.<br>2:19-cv-00179-<br>KJM-DMC<br><br><br>OPINION |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Argued and Submitted February 1, 2021
San Francisco, California

Filed June 11, 2021

Before: Sandra S. Ikuta and Jacqueline H. Nguyen, Circuit
Judges, and Richard K. Eaton,[*] Judge.

Opinion by Judge Ikuta

**SUMMARY**[**]

**Arbitration**

The panel vacated the district court's order denying a
motion to compel arbitration under the Federal Arbitration
Act and remanded for further proceedings in an action
brought under the Telephone Consumer Protection Act.

Defendants moved to compel arbitration based on
plaintiff's assent to the arbitration agreement in the terms of
use for defendants' website or, in the alternative, holding him
to the arbitration agreement if his mother formed the
arbitration agreement. The district court concluded that the
existence of an agreement to arbitrate was in issue, and a jury
trial was required to resolve factual disputes, but the district
court also denied defendants' motion to compel arbitration.

Agreeing with the majority of other circuits that had
considered the issue, the panel held that, although the district
court's order was premature and nonfinal, the panel had

---

[*] The Honorable Richard K. Eaton, Judge of the United States Court
of International Trade, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has
been prepared by court staff for the convenience of the reader.

jurisdiction over the district court's order under 9 U.S.C. § 16, which provides jurisdiction over all orders denying a motion to compel arbitration.

The panel nonetheless concluded that, in order to comply with § 4 of the Federal Arbitration Act, it must vacate the district court's order denying the motion to compel arbitration as improperly issued and remand to the district court to proceed to trial. The panel concluded that the district court contravened § 4 when it issued a nonfinal ruling on the motion to compel arbitration. Agreeing with other circuits, that panel held that, under § 4, once a district court concludes that there are genuine disputes of material fact as to whether the parties formed an arbitration agreement, the court must proceed without delay to a trial on arbitrability and hold any motion to compel arbitration in abeyance until the factual issues have been resolved. Thus, a party's appeal of a district court's nonfinal order determining that there are genuine issues of material fact and denying a motion to compel arbitration constitutes an end-run around the limitations in § 4. The panel vacated the district court's erroneous denial of the motion to compel and remanded for the district court to proceed summarily to trial on the question whether the plaintiff was bound by the arbitration agreement.

**COUNSEL**

Jeffrey R. Johnson (argued), Yaakov M. Roth, and Andrew J. M. Bentz, Jones Day, Washington, D.C.; John A. Vogt and Edward S. Chang, Jones Day, Irvine, California; for Defendants-Appellants.

David W. Hall (argued), Hedin Hall LLP, San Francisco, California; Frank S. Hedin, Hedin Hall LLP, Miami, Florida; for Plaintiff-Appellee.

**OPINION**

IKUTA, Circuit Judge:

LMB Mortgage Services, Inc. and CPL Assets, LLC (collectively, LMB), appeal the district court's determination that there were genuine disputes of material fact as to whether Bill Hansen was bound to an arbitration agreement. Because the district court mistakenly issued a nonfinal order denying LMB's motion to compel arbitration, while stating its intent to schedule a trial to resolve the factual issues, we have jurisdiction to consider this appeal. But in order to ensure consistency with the procedures required by 9 U.S.C. § 4, we vacate the district court's order and remand for further proceedings.

I

LMB, doing business as LowerMyBills.com, maintained a website for persons interested in refinancing their mortgages. In March 2014, the website collected information from a visitor identified as Willena Hansen. The visitor input

a name, a telephone number, an email address, the address of a property that Willena Hansen owned with her son Bill Hansen and his wife, the current value of that property, its mortgage balance, and the interest rate. The telephone number that the visitor input belonged to Bill Hansen.

Directly below this section for inputting visitor information, a visitor could click a button containing the text "Click to See Your Free Results!" (the "submit button"). Below this submit button is text stating: "By clicking the [submit] button, you agree to the Terms of Use and Privacy Policy, to be matched with up to 5 participants [in the lending program], and consent . . . for us and/or them to contact you (including through automated or prerecorded means) via telephone, mobile device (including SMS and MMS), and/or e-mail about lending information, even if you are on a corporate, state or national Do Not Call Registry." The Terms of Use included an arbitration agreement.

In November 2018, Bill received a text message stating:

> willena – Regarding your monthly payment for your Roseville home.
>
> Come back and see your potential savings in 2 minutes.
>
> **[hyperlink]**
>
> LMB Reply STOP to stop

After receiving this message, Bill brought a putative class action against LMB for a violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, which

prohibits companies from transmitting autodialed text messages and calls without the recipient's consent. LMB moved to compel arbitration based on Bill Hansen's assent to the arbitration agreement in the Terms of Use or, in the alternative, holding Bill Hansen to the arbitration agreement if Willena Hansen formed the arbitration agreement.

The district court reviewed this motion to compel arbitration under the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–16. The procedure for addressing such a motion is set forth in 9 U.S.C. § 4. Under § 4, in response to a motion to compel arbitration, the district court must "hear the parties." *Id.* If the court is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id.* But "[i]f the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof." *Id.* In applying this language, district courts rely on the summary judgment standard of Rule 56 of the Federal Rules of Civil Procedure. *See, e.g.*, *Tabas v. MoviePass, Inc.*, 401 F. Supp. 3d 928, 936 (N.D. Cal. 2019); *Lopez v. Terra's Kitchen, LLC*, 331 F. Supp. 3d 1092, 1097 (S.D. Cal. 2018); *Concat LP v. Unilever, PLC*, 350 F. Supp. 2d 796, 804 (N.D. Cal. 2004). The summary judgment standard is appropriate because the district court's order compelling arbitration "is in effect a summary disposition of the issue of whether or not there had been a meeting of the minds on the agreement to arbitrate." *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co.*, 636 F.2d 51, 54 n.9 (3d Cir. 1980),

*abrogated on other grounds by Aliments Krispy Kernels, Inc. v. Nichols Farms*, 851 F.3d 283, 287–88 (3d Cir. 2017).[1]

The district court may decide the case in a bench trial if the party opposing arbitration does not demand a jury trial. *See* 9 U.S.C. § 4. But if a jury trial is demanded, "the court shall make an order referring the issue or issues to a jury in the manner provided by the Federal Rules of Civil Procedure, or may specially call a jury for that purpose." *Id.*

In this case, Bill Hansen opposed LMB's motion to compel arbitration and demanded a jury trial if the court found that the making of the arbitration agreement was in issue. Pursuant to § 4, the district court held a hearing in which the parties presented evidence concerning whether they had formed an arbitration agreement. Hansen declared under penalty of perjury that he never visited the LMB website, that he did not bind himself to the arbitration agreement by clicking the submit button, and that Willena Hansen told him before she passed away that although she may have visited an LMB website, "she did not believe she had ever clicked a button to actually submit any of the information she had entered into such a webpage." LMB submitted evidence to show that, based on LMB records, either Hansen or his mother had clicked the submit button.

---

[1] The weight of authority favors this conclusion. *See Camara v. Mastro's Rests. LLC*, 952 F.3d 372, 373 (D.C. Cir. 2020); *Berkeley Cnty. Sch. Dist. v. Hub Int'l Ltd.*, 944 F.3d 225, 234 (4th Cir. 2019); *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 74 (2d Cir. 2017); *BOSC, Inc. v. Bd. of Cnty. Comm'rs of Cnty. of Bernalillo*, 853 F.3d 1165, 1176–77 (10th Cir. 2017); *Bazemore v. Jefferson Cap. Sys., LLC*, 827 F.3d 1325, 1333 (11th Cir. 2016); *Soto v. State Indus. Prods., Inc.*, 642 F.3d 67, 72 n.2 (1st Cir. 2011); *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002).

After considering this evidence, the district court determined that "the existence of an agreement to arbitrate" was "in issue."  It concluded that there was a genuine dispute of material fact as to whether Bill Hansen clicked the submit button and agreed to the Terms of Use.  Further, it held that even assuming Willena Hansen had agreed to LMB's Terms of Use, there was a genuine issue of material fact as to whether Bill Hansen was bound to the arbitration agreement with LMB under a third-party beneficiary theory.  Having concluded that the question whether Bill Hansen was bound by LMB's arbitration agreement was "in issue," the district court held that a jury trial was required to resolve the factual disputes.  But the court also ordered that "[d]efendants' motion to compel arbitration and stay the case . . . is DENIED."

LMB appealed, arguing that the district court erred in holding that there were disputed issues of material fact as to whether Hansen was bound to the arbitration agreement.

II

We first address the question whether we have jurisdiction over this appeal, because "we are obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977).

The district court's order denying the motion to compel arbitration was nonfinal.  The denial was merely for docket management purposes, because it did not reach the merits of the question whether Hansen was bound to the arbitration agreement.  Indeed, under § 4, a court is not authorized to dispose of a motion to compel arbitration until after factual

disputes have been resolved, and so the court was compelled to reserve its ruling on the merits. In other words, in denying the motion to compel, the district court did not conclusively rule on whether Hansen was bound to an arbitration agreement, but merely concluded that it could not resolve the issue as a matter of law.

Although the district court's order was premature and nonfinal, we conclude that we have jurisdiction over the district court's order. In enacting the FAA, Congress gave courts of appeals jurisdiction over specified interlocutory orders relating to arbitration. *See* 9 U.S.C. § 16. Section 16 provides that "[a]n appeal may be taken from– (1) an order . . . (B) denying a petition under section 4 of this title to order arbitration to proceed." 9 U.S.C. § 16(a)(1)(B). On its face, this language gives us jurisdiction over any order denying a motion to compel arbitration; it does not differentiate between final and nonfinal orders.[2] Therefore, denial of a motion to compel arbitration is immediately appealable even if the district court "intended to reconsider the question of arbitrability following further fact-finding and possibly a trial." *Boomer v. AT & T Corp.*, 309 F.3d 404, 412 (7th Cir. 2002). The broader context of § 16 supports this reading of § 16(a)(1)(B). Section 16(a)(3) gives appellate courts jurisdiction over "a final decision with respect to an arbitration that is subject to this title." If we interpreted § 16(a)(1)(B) as applying only to final decisions to deny motions to compel arbitration, § 16(a)(3)'s reference to "final decisions" would be surplusage. *See Boomer*, 309 F.3d

---

[2] The parties do not argue, and we do not address, whether we have jurisdiction over the district court's order under § 16(a)(1)(A), which provides "[a]n appeal may be taken from– (1) an order– (A) refusing a stay of any action under section 3 of this title."

at 412–13. Therefore, "[t]he more natural reading" of
§ 16(a)(1)(B) is "to treat all orders declining to compel
arbitration as reviewable." *Sandvik AB v. Advent Int'l Corp.*,
220 F.3d 99, 103 (3d Cir. 2000).

The majority of our sister circuits that have considered
this issue agree that § 16 provides jurisdiction over all orders
denying a motion to compel arbitration, even if they are
nonfinal and the district court has reserved ruling on the
merits. *See, e.g.*, *id.* at 102; *Boomer*, 309 F.3d at 412;
*McLaughlin Gormley King Co. v. Terminix Int'l Co., L.P.*,
105 F.3d 1192, 1193 (8th Cir. 1997); *Snowden v. CheckPoint
Check Cashing*, 290 F.3d 631, 635–36 (4th Cir. 2002);
*Microchip Tech. Inc. v. U.S. Philips Corp.*, 367 F.3d 1350,
1355 (Fed. Cir. 2004); *Jin v. Parsons Corp.*, 966 F.3d 821,
823–24 (D.C. Cir. 2020).[3]

Therefore, even though the district court's order merely
removed the pending motion from its docket and did not
resolve the question whether the arbitration provision in
LMB's Terms of Use was binding, we conclude that we
nevertheless have jurisdiction to consider LMB's appeal of
this order.

---

[3] Only the Sixth Circuit has taken a different approach, holding that
a district court's order denying a motion to compel arbitration while
reserving judgment on the merits does not provide jurisdiction under
§ 16(a)(1)(B) because it was a "purely ministerial order, serving
housekeeping or docket management purposes." *Taylor v. Pilot Corp.*,
955 F.3d 572, 579–82 (6th Cir. 2020). We decline to follow this approach
because § 16(a)(1)(B) does not distinguish between "ministerial" orders
and orders resolving the merits.

III

Although we are satisfied that we have jurisdiction, we conclude that, in order to comply with § 4, we must vacate the district court's order denying the motion to compel arbitration as improperly issued and remand to the district court to proceed to trial. Our reasoning is as follows.

The district court contravened § 4 when it issued a nonfinal ruling on the motion to compel arbitration. Section 4 makes clear that "[i]f the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4. Although the statute does not define "summarily," an action is performed summarily when it is "done or occurring without delay or formality: quickly executed." *Summary*, Webster's Third New International Dictionary 2289 (2002); *see also Summarily*, Webster's Third New International Dictionary 2289 (2002) ("Summarily" means "in a summary manner or form."). To implement this language, once a district court concludes that there are genuine disputes of material fact as to whether the parties formed an arbitration agreement, the court must proceed without delay to a trial on arbitrability and hold any motion to compel arbitration in abeyance until the factual issues have been resolved. Our sister circuits agree. *See Jin*, 966 F.3d at 826; *Berkeley Cnty. Sch. Dist. v. Hub Int'l Ltd.*, 944 F.3d 225, 242 (4th Cir. 2019); *Neb. Mach. Co. v. Cargotec Sols., LLC*, 762 F.3d 737, 743–44 (8th Cir. 2014); *Howard v. Ferrellgas Partners, L.P.*, 748 F.3d 975, 978 (10th Cir. 2014).

Nothing in § 16 – or § 4 – authorizes appellate courts to adjudicate the district court's decision that it cannot make a final ruling on the motion to compel until genuine issues of

material fact over the making of the arbitration agreement have been resolved at trial. Therefore, a party's appeal of a district court's nonfinal order determining that there are genuine issues of material fact and denying a motion to compel constitutes an end-run around the limitations in § 4. Allowing such an appeal would defeat § 4's mandate that the district court should "proceed summarily to the trial," 9 U.S.C. § 4, and would "frustrate[] the statutory policy of rapid and unobstructed enforcement of arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23 (1983). Further, assessing the merits of an appeal before the district court conducted a trial on the genuine factual disputes over arbitrability would be "a pointless and wasteful burden on the supposedly summary and speedy procedures prescribed by the [FAA]." *Id.* at 27.

Here, LMB challenges the district court's determination that there are genuine disputes of material fact on arbitrability. Therefore, to further "Congress's clear intent, in the [FAA], to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible," *id.* at 22, we vacate the district court's erroneous denial of the motion to compel and remand for the district court to "proceed summarily to the trial" on the question whether Bill Hansen is bound by the arbitration agreement.

**VACATED AND REMANDED.[4]**

---

[4] Each party shall bear its own costs on appeal.