NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VIJAYAN STREEDHARAN,

Plaintiff-Appellee,

v.

STANLEY INDUSTRIAL &
AUTOMOTIVE, LLC,

Defendant-Appellant.

No. 22-55999

D.C. No.
5:22-cv-00322-MEMF-KS

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Maame Ewusi-Mensah Frimpong, District Judge, Presiding

Argued and Submitted December 5, 2023
Pasadena, California

Before: BEA, M. SMITH, and VANDYKE, Circuit Judges.
Dissent by Judge BEA.

Appellant Stanley Industrial & Automotive, LLC (Stanley) seeks review of

the district court's order denying its motion to compel arbitration. This court has

subject matter jurisdiction under the Federal Arbitration Act (FAA), 9 U.S.C.

§ 16(a)(1)(C), and we reverse.

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

Orders denying motions to compel arbitration are reviewed *de novo* for questions of law, but the factual findings underlying denial are reviewed for clear error. *Knapke v. PeopleConnect, Inc.*, 38 F.4th 824, 830 (9th Cir. 2022). Per the FAA, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract …." 9 U.S.C. § 2.

1. The district court was correct in holding that the agreement in this case was supported by mutual assent. "In California, general principles of contract law determine whether the parties have entered a binding agreement to arbitrate." *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC,* 282 P.3d 1217, 1224 (Cal. 2012) (cleaned up). The party seeking arbitration "bears the burden of proving the existence of a valid arbitration agreement by the preponderance of the evidence, and a party opposing [arbitration] bears the burden of proving by a preponderance of the evidence" that the agreement is unenforceable. *Engalla v. Permanente Med. Grp., Inc.*, 938 P.2d 903, 915–16 (Cal. 1997). Here, Streedharan manifested his assent to arbitrate by physically signing the agreement, the language of which provides that the parties mutually agree to be bound by its terms. The disclaimer language included in the circular does not negate Streedharan's assent since the disclaimer expressly warned that the terms of the franchise agreement, not the circular, govern the relationship between the parties.

2

2.     The district court also correctly held that Stanley did not waive its right to seek arbitration.  A party waives its contractual right to arbitration if it intentionally acts inconsistently with that right.  *Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 468 (9th Cir. 2023).  This court has previously determined that "a party generally 'acts inconsistently with exercising the right to arbitrate when it (1) makes an intentional decision not to move to compel arbitration and (2) actively litigates the merits of a case for a prolonged period of time in order to take advantage of being in court.'"  *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1015 (9th Cir. 2023) (citation omitted).  Because Stanley timely moved to compel arbitration it did not act inconsistently with a right to arbitrate, despite simultaneously moving for judgment on the pleadings on a threshold jurisdictional question.

3.     The district court was incorrect, however, in its conclusion that the agreement's arbitration provision is unconscionable because the record does not support a finding of procedural unconscionability.  Under California law, "a contract must be both procedurally *and* substantively unconscionable to be rendered invalid."  *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 922 (9th Cir. 2013) (citing *Armendariz v. Found. Health Psychcare Servs., Inc.*, 6 P.3d 669, 690 (Cal. 2000)) (emphasis added).  Streedharan bears the burden of establishing both types of unconscionability. *Pinnacle*, 282 P.3d at 1232.

3

"A contract is unconscionable if one of the parties lacked a meaningful choice in deciding whether to agree and the contract contains terms that are unreasonably favorable to the other party." *OTO, L.L.C. v. Kho*, 447 P.3d 680, 689 (2019). "The procedural element addresses the circumstances of contract negotiation and formation, focusing on oppression or surprise due to unequal bargaining power," while the element of "[s]ubstantive unconscionability pertains to the fairness of an agreement's actual terms and to assessments of whether they are overly harsh or one-sided." *Pinnacle*, 282 P.3d at 1232.

On this record, Streedharan has not borne his burden of showing that there was procedural unconscionability in "the manner in which the contract was negotiated and the circumstances of the parties at that time." *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1171 (9th Cir. 2003) (quoting *Kinney v. United HealthCare Servs., Inc.*, 70 Cal.App.4th 1322, 1329 (1999)). Streedharan, a college educated businessman, had six weeks to review the agreement with a lawyer and offer any changes. In those six weeks he chose "not [to] have an attorney review" the agreement, and "[t]here was no negotiation regarding any of the terms[.]"

Notwithstanding that he never attempted to negotiate any terms of the proposed agreement with Stanley, Streedharan argues that the agreement was procedurally unconscionable because he subjectively believed Stanley would be unwilling to change any of the contract's terms. Streedharan provided a declaration

stating his belief that the proposed agreement was a "take it or leave it" contract of adhesion, and he argues that Stanley has presented no evidence to the contrary.

But the burden to prove procedural unconscionability does not lie with Stanley, it belongs to Streedharan. *See Pinnacle*, 282 P.3d at 1232. Streedharan offers no evidence to show that he was ever *prevented* from negotiating. Instead, his attempt to show procedural unconscionability relies solely on his subjective *perception* that he "did not have the opportunity to negotiate any of the terms" of the agreement. That is not sufficient to meet his burden. All it establishes is his own belief that Stanley would have rejected any request to negotiate, not that Stanley would have actually done so. Nowhere in the record is there evidence that Streedharan ever asked or otherwise attempted to negotiate. And neither is there evidence demonstrating that Stanley would've rejected any proposed changes. The record is simply silent on that point. Such silence is not sufficient to meet a party's burden.

Our dissenting colleague correctly observes that only Streedharan has offered extrinsic evidence on this issue—i.e., a declaration—and concludes from that that Streedharan has met his burden to show that there was procedurally unconscionability. But this assumes that the declaration provided by Streedharan is sufficient to establish that fact. As explained above, Streedharan must provide evidence demonstrating the agreement was actually a take it or leave it contract of

adhesion, not merely that Streedharan believed it was. His subjective belief does not meet his burden—especially when his apparent belief is both not supported by any objective evidence and contradicted by the terms of the documents. Anyone could assert their belief as evidence, but that does not make it so. Stanley's lack of responsive evidence—which it was under no duty to provide as the unburdened party—is irrelevant. Streedharan has not carried his burden simply because Stanley failed to rebut his purely subjective belief.

Effectively, what Streedharan asks is that we shift the burden to *disprove* procedural unconscionability to Stanley. Under Streedharan's argument, once a party provides evidence of his or her subjective belief that the other party wouldn't negotiate the terms of a contract, then the burden shifts to the other party to prove that they would actually negotiate. But that argument, if accepted, would as a practical matter inevitably require parties like Stanley to disprove procedural unconscionability. We are not aware of any California cases imposing such burden. To the contrary, California law clearly puts the burden to prove unconscionability on the party, like Streedharan here, claiming unconscionability. *Pinnacle*, 282 P.3d at 1232.

Streedharan had six weeks to review the contract and ask to negotiate any proposed terms he thought were unreasonable, and he chose not to. Streedharan acknowledged in the signed agreement that he had at least fourteen days "to consult

6

with legal or other advisors" regarding its terms. He further acknowledged that he "had the opportunity to ask questions" before signing the agreement. Streedharan cannot carry his burden simply by presenting evidence of his subjective beliefs about Stanley's willingness to negotiate. Because Stanley does not bear the burden, it is not required to prove it would have been willing to negotiate terms with Streedharan. Instead, Streedharan needed to demonstrate that the agreement was a take it or leave it contract. *See OTO*, 447 P.3d at 685. Streedharan never met that burden.

Absent any evidence of procedural unconscionability, we need not reach the issue of substantive unconscionability. Accordingly, the district court erred in denying Stanley's motion to compel arbitration.

**REVERSED.**



*Vijayan Streedharan v. Stanley Industrial & Automotive, LLC*, No. 22-55999

BEA, Circuit Judge, dissenting:

The district court, relying on an unchallenged declaration submitted by Streedharan in opposition to Mac Tools's motion to compel arbitration, made a factual finding that Mac Tools presented the Franchise Agreement to Streedharan on a "take-it-or-leave-it" basis and that Streedharan had no opportunity to negotiate the contract's terms. That factual finding, which we review for clear error, *see Nagrampa v. MailCoups*, 469 F.3d 1257, 1267 (9th Cir. 2006), is alone sufficient under California law to establish that some procedural unconscionability exists, *see Szetala v. Discover Bank*, 97 Cal. App. 4th 1094, 1100 (Cal. Ct. App. 2002). Mac Tools did not object to or move to strike Streedharan's declaration on the basis that it was conclusory, not based on personal knowledge, or on any other basis. Nor did it proffer evidence to demonstrate that Streedharan indeed had the opportunity to negotiate the terms of the Franchise Agreement. Under the summary judgment standard that district courts apply when considering a motion to compel arbitration, *see Hansen v. LMB Mortgage Servs., Inc.*, 1 F.4th 667, 670, 672 (9th Cir. 2021), the unchallenged declaration alone is sufficient evidence upon which the trial court's factual finding was based. Thus, there is no basis to disturb the district court's factual finding that Streedharan had no opportunity to negotiate the terms of the Franchise Agreement. In my view, then, the majority is incorrect to conclude that

1

Streedharan's declaration was insufficient to meet his burden to show that some procedural unconscionability was present under California law.

Additionally, several terms of the arbitration agreement are substantively unconscionable. But the district court erred when it considered the substantive unconscionability of the forum selection clause, even though it had already held that forum selection clause was never a part of the executed contract due to lack of mutual assent. Hence, I would reverse and remand with instructions that the district court redetermine the severability analysis and its effect, if any, on the issue of the substantive unconscionability of the arbitration agreement. I respectfully dissent.

1.     Under California law, a complaining party who urges unconscionability as a defense to an arbitration agreement need only demonstrate a minimal level of procedural unconscionability to meet his burden. *See Ajamian v. CantorCo2e, L.P.*, 203 Cal. App. 4th 771, 797 (Cal. Ct. App. 2012) ("[W]e need not quibble over whether there was a moderate level of unconscionability, a low one, or just the required minimum."). Once the plaintiff establishes *some* procedural unconscionability, whether a contractual term is invalid because it is substantively unconscionable becomes a matter of degree. *See Armendariz v. Found. Health Psychare Servs., Inc.*, 6 P.3d 669, 690 (Cal. 2000).

Meanwhile, California courts have consistently held, "When the weaker party is presented the clause and told to 'take it or leave it' without the opportunity for

2

meaningful negotiation, oppression, and therefore procedural unconscionability, are present." *Szetala*, 97 Cal. App. 4th at 1100; *see Ajamian*, 203 Cal. App. 4th at 796 ("The finding that the arbitration provision was part of a nonnegotiated employment agreement establishes, by itself, some degree of procedural unconscionability."). Here, the district court found—based on Streedharan's declaration—that the agreement was presented to Streedharan on a take-it-or-leave-it basis and that Streedharan could not negotiate the contract's terms. Mac Tools neither objected to nor moved to strike that declaration, nor did it proffer any proof to undermine its credibility or rebut its substance. Under the summary judgment standard used to evaluate defenses to enforcement of a purported arbitration agreement, *see Hansen*, 1 F.4th at 670, the district court was within its discretion to credit the declaration and conclude there was no genuine issue of fact that the contract was nonnegotiable, and thus procedurally unconscionable, *see Szetala*, 97 Cal. App. 4th at 1100.

Nonetheless, the majority reasons that Streedharan cannot meet his burden based on only his "subjective beliefs" that the contract was nonnegotiable. But Streedharan's declaration was evidence that the district court had discretion to accept or reject. The district court, for example, could have refused to credit Streedharan's declaration if it concluded the declaration was not based on his "personal knowledge." Fed R. Civ. P. 56(c)(4); Fed. R. Evid. 602. But the district court did not do so. Instead, the district court made a permissible factual finding—based on

3

*evidence* submitted by Streedharan—that the contract was nonnegotiable. That alone suffices for Streedharan to meet his burden of establishing some procedural unconscionability under California law. *See Szetala*, 97 Cal. App. 4th at 1100; *Ajamian*, 203 Cal. App. 4th at 796–97 & n.13.

2.      In holding that Streedharan failed to meet his burden to establish procedural unconscionability, the majority relies on facts that California courts have expressly held do not suffice to conclude that *no* procedural unconscionability exists.

First, the majority reasons that Streedharan "had six weeks to review the agreement with a lawyer and offer any changes." But under California law, "[t]he amount of time [the plaintiff] had to consider [a nonnegotiable] contract is irrelevant" to whether some degree of procedural unconscionability exists. *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1172 (9th Cir. 2003). In *Ajamian*, for example, a California Court of Appeals held some degree of procedural unconscionability was present—merely because the contract was nonnegotiable— even though the plaintiff "had six months to review the document, including review with the aid of an attorney." 203 Cal. App. 4th at 796–97 & n.13.

Second, the majority posits that Streedharan never attempted to negotiate the agreement, nor did he show that he was prevented from negotiating. But as the California Supreme Court has explained, "a complaining party need not show it tried to negotiate standardized contract terms to establish procedural unconscionability."

4

*OTO, L.L.C. v. Kho*, 447 P.3d 680, 691 (Cal. 2019); *see Carbajal v. CWPSC, Inc.*, 245 Cal. App. 4th 227, 244 (Cal. Ct. App. 2016) ("To establish procedural unconscionability, [the plaintiff] was not required to show she attempted to negotiate the terms of the Agreement . . . ."). To the contrary, the stronger party can, "[b]y its conduct . . . convey[] the impression that negotiation efforts would be futile." *OTO*, 447 P.3d at 691. The district court was within its discretion in accepting plaintiff's representation that negotiation would not have been available. Thus, the majority misapplies California law when it imposes a burden on Streedharan to show that he attempted to negotiate the agreement.

3.  Because the majority concludes *no* procedural unconscionability is present, it declines to consider whether the terms of the arbitration clause are substantively unconscionable. But since, in my view, procedural unconscionability is present, I evaluate whether the terms are substantively unconscionable.

The district court first held the provision of the arbitration clause that imposed a one-year statute of limitations was unconscionable. Mac Tools concedes this provision is unconscionable because many of Streedharan's claims arise under the California Labor Code, which provides statutes of limitation that are longer than one year. Under California law, a contractual term is unconscionable if it reduces the limitations period provided in the California Labor Code. *See De Leon v. Pinnacle Prop. Management Servs., LLC*, 72 Cal. App. 5th 476, 486–87 (Cal. Ct. App. 2021).

5

Second, the district court held that the term of the arbitration clause which provided the arbitration would be conducted in accordance with JAMS rules was substantively unconscionable because those rules provided (1) each party would pay fees and expenses according to a JAMS fee schedule, and (2) the parties were jointly and severally liable for fees and arbitrator compensation. The California Supreme Court has held that such a provision is unconscionable if it imposes costs on an employee that he would not incur if he could sue in court. *Armendariz*, 6 P.3d at 687.

Mac Tools proffered evidence that, in a similar prior action, JAMS limited the fees borne by the plaintiff to $400. The district court, however, found there was "no assurance[]" that the fee limitation would apply in this case. And this Circuit has held that—even where an arbitrator had discretion to excuse fees—a cost-sharing provision was unconscionable when "there [was] no assurance that such relief would be granted." *Lim v. TForce Logistics, LLC*, 8 F.4th 992, 1003 (9th Cir. 2021). Thus, the district court did not err in holding the provision unconscionable.

Third, the district court held the provision in the arbitration clause that limited recovery to actual damages was unconscionable. California courts have held damages limitations substantively unconscionable insofar as they preclude an employee from pursuing remedies authorized by statute, including punitive damages, statutory penalties, and equitable relief. *See, e.g., Subcontracting Concepts (CT) LLC v. De Melo*, 34 Cal. App. 5th 201, 213 (Cal. Ct. App. 2019).

6

Mac Tools claims the parties waived the right to recover damages only to "the fullest extent permitted by law." But the arbitration clause provided: (1) the arbitrator "is <u>not</u> empowered to and <u>shall not</u>, award … damages in excess of actual direct damages," and (2) the parties would not "accept or attempt to collect through the courts or otherwise any punitive, exemplary, indirect, consequential or incidental damages from the other even if such damages are entered, ordered or awarded by the arbitrator." Thus, Streedharan would have breached the contract had he sought to collect remedies, including those authorized by statute, in excess of his actual direct damages. At the least, those terms would deter Streedharan from seeking such remedies. *See Parada v. Superior Ct.*, 176 Cal. App. 4th 1554, 1584 (Cal. Ct. App. 2009). Thus, the district court did not err in holding this provision unconscionable.

However, the district court erred when it held that the forum selection clause was substantively unconscionable. Because the district court held this term was not part of the contract—as it found the clause was not supported by mutual assent—it should not have considered whether the term was unconscionable. Unconscionability is "a defense to the enforcement of a contract or term," and thus "presupposes" that a provision is a term of the contract. *Marin Storage & Trucking, Inc. v. Benco Contracting and Engineering, Inc.*, 89 Cal. App. 4th 1042, 1049 (Cal. Ct. App. 2001). Because the provision was never an enforceable term, it cannot serve as a defense to the enforceability of terms that *were* a part of the contract. *See id.*

7

4.      The district court concluded that the arbitration clause was "permeated by unconscionability," *see Carmona v. Lincoln Millenium Car Wash, Inc.*, 226 Cal. App. 4th 74, 90 (Cal. Ct. App. 2014), and invalidated the clause rather than sever any unconscionable terms. We review the district court's decision to invalidate a contract rather than sever its terms for abuse of discretion. *Lim*, 8 F.4th at 999.

Here, in invalidating the arbitration clause, the district court abused its discretion in giving weight to the forum selection clause. Thus, I would reverse and remand with instructions that the district court consider whether the other unconscionable terms are severable, without considering the forum selection clause.