NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMY L. STENDAL, individually and on behalf of herself and all others similarly situated., <br><br> Plaintiff - Appellee, <br><br> v. <br><br> MEMORIAL HEALTH SERVICES, a California Nonprofit Corporation; LONG BEACH MEMORIAL MEDICAL CENTER, a California Nonprofit Corporation, <br><br> Defendants - Appellants, <br><br> and <br><br> MILLER CHILDRENS HOSPITAL LONG BEACH AUXILIARY, INC., a California Nonprofit Corporation, DOES, 1-50, inclusive, <br><br> Defendants. | No. 23-3561 <br><br> D.C. No. 2:23-cv-01380-ODW-PD <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted December 2, 2024[]
Pasadena, California

Before: BEA, LEE, and KOH, Circuit Judges.

Memorial Health Services and Long Beach Memorial Medical Center (Defendants) appeal the district court's order denying their motion to compel arbitration. We have jurisdiction under 9 U.S.C. § 16(a)(1)(B), and we vacate and remand.

In early 2023, Amy Stendal, a registered nurse, filed two proposed class action lawsuits against the Defendants in Los Angeles Superior Court. The Defendants removed the case to federal district court, and Stendal's two proposed class actions were consolidated. The Defendants filed a motion to compel arbitration pursuant to an arbitration provision in the collective bargaining agreement that governed the terms of Stendal's working conditions, wages, and hours of work. Stendal opposed the motion to compel arbitration on several grounds. Rather than determining the arbitrability of Stendal's claims, the district court denied the motion to compel arbitration and sent the case to arbitration for the arbitrator to determine arbitrability.

1. We first must ascertain that we have jurisdiction to consider this appeal. Section 16(a)(1)(B) of the Federal Arbitration Act (FAA) allows appeals from a

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

23-3561

district court's order "denying a petition under section 4 of this title to order arbitration to proceed." 9 U.S.C. § 16(a)(1)(B). Under a plain reading of the text of the FAA, this appeal falls squarely within the statute as an order denying a motion to compel arbitration. To be sure, the denial of the motion to compel arbitration was on mootness grounds and without prejudice, making the denial "nonfinal." But such a denial does not rob our court of jurisdiction. *Cf. Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 671 (9th Cir. 2021).

In *Hansen*, our court held that we have jurisdiction over nonfinal rulings on motions to compel arbitration. *Id.* We explained that a "denial of a motion to compel arbitration is immediately appealable" and the calculus does not change "even if the district court 'intended to reconsider the question of arbitrability following further fact-finding.'" *Id.* at 671–72 (citing *Boomer v. AT & T Corp.*, 309 F.3d 404, 412 (7th Cir. 2002)). The *Hansen* court also echoed the textual interpretation of the FAA stated above, explaining "the more natural reading of § 16(a)(1)(B) is to treat all orders declining to compel arbitration as reviewable." *Id.* at 672 (cleaned up). All told, the district court's order denying the Defendants' motion to compel arbitration is appealable.

2. Turning to the merits, we hold that the district court erred in denying the Defendants' motion to compel arbitration without first determining arbitrability. A district court's decision to "grant or deny a motion to compel arbitration is reviewed

de novo." *Bushley v. Credit Suisse First Bos.*, 360 F.3d 1149, 1152 (9th Cir. 2004).

Under established Supreme Court precedent, "the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986). Unless there is clear and unmistakable evidence the parties agreed the arbitrator would determine arbitrability, "courts should not assume the parties agreed to arbitrate arbitrability." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Here, the relevant arbitration provision requires "binding arbitration with and pursuant to the rules of the Federal Mediation and Conciliation Service." The Federal Mediation and Conciliation Service rules provide that the arbitrator "will not decide the merits of a claim by either party that a dispute is not subject to arbitration." 29 C.F.R. § 1404.10. Because the arbitration provision incorporates the rule barring the arbitrator from determining arbitrability, the provision precludes delegation of the threshold question of arbitrability to the arbitrator. We thus vacate the order denying the motion to compel arbitration and remand the case for the district court to determine whether Stendal's claims are arbitrable.

**VACATED and REMANDED**.