NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 4 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAMELA AVECILLA and SEAN BAILEY, individually and as representatives of a Putative Class of Participants and Beneficiaries, on behalf of the LIVE NATION ENTERTAINMENT, INC. 401 (K) SAVINGS PLAN, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> LIVE NATION ENTERTAINMENT, INC.; LIVE NATION ENTERTAINMENT, INC. 401(K) COMMITTEE, <br><br> Defendants - Appellees. | No. 23-55725 <br><br> D.C. No. 2:23-cv-01943-PA-JC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted September 12, 2024
Pasadena, California

Before: FRIEDLAND, DESAI, Circuit Judges, and SCHREIER, District Judge.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

Plaintiffs Pamela Avecilla and Sean Bailey invested in a 401(k) plan ("the Plan") governed by the Employee Retirement Income Security Act ("ERISA"), which was offered by their former employer, Live Nation Entertainment, Inc. Plaintiffs sued Live Nation Entertainment, Inc. and Live Nation Entertainment, Inc. 401(k) Committee (collectively, "Live Nation") on behalf of the Plan for breach of fiduciary duty under ERISA §§ 502(a)(2), (a)(3), and § 409(a).[1] They allege that Live Nation mismanaged the Plan and caused the Plan to suffer millions of dollars in losses.

Live Nation moved to compel arbitration based on an arbitration provision in the Plan. Plaintiffs opposed the motion, arguing that (1) the class action waiver in the arbitration agreement violated the effective vindication doctrine;[2] (2) they did not consent to the arbitration provision; and (3) in any event, the arbitration provision is unconscionable. The district court granted Live Nation's motion, finding that there was a valid arbitration agreement because the Plan consented to arbitration through the Plan document, and Plaintiffs' unconscionability arguments failed because their California contract defenses were preempted by ERISA. Plaintiffs timely appealed.

---

[1] Section 502(a)(2) acts as a vehicle for plan participants to obtain relief under § 409(a). *See Mass. Mut. Life. Ins. Co. v. Russell*, 473 U.S. 134, 142 & n.9 (1985).

[2] Plaintiffs do not challenge the district court's holding that the class action waiver did not violate the effective vindication doctrine. Thus, we do not address this argument.

We review the validity and scope of an arbitration clause and the grant of a motion to compel arbitration de novo. *See Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1267 (9th Cir. 2006) (en banc); *Holley-Gallegly v. TA Operating, LLC*, 74 F.4th 997, 1000 (9th Cir. 2023). When reviewing the motion to compel arbitration de novo, we assume all facts in favor of the non-moving party. *See Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021); *Knapke v. PeopleConnect, Inc*, 38 F.4th 824, 831–32 (9th Cir. 2022). We have jurisdiction under 28 U.S.C. § 1291. We reverse in part and remand.

1.      We hold in a concurrently filed opinion that "an employer does not create a valid arbitration agreement by unilaterally modifying an ERISA-governed plan to add an arbitration provision. Instead, the employer must obtain consent from the relevant party to form a valid arbitration agreement." *Platt v. Sodexo, S.A.*, No. 23-55737, slip op. at 5 (9th Cir. August 4, 2025). Thus, Live Nation must obtain consent from the relevant consenting party to form a valid arbitration agreement.

2.      We determine the consenting party by looking at whether the claims "belong" to the Plan or the plan participants. In other words, we examine which party the claims are brought on behalf of, which party was primarily injured by the defendants' alleged misconduct, and which party primarily benefits from the claims. *See id.* at 10, 16–17; *Munro v. Univ. of S. Cal.*, 896 F.3d 1088, 1092–93 (9th Cir. 2018). Here, Plaintiffs request equitable relief and monetary damages on behalf of

the Plan for Live Nation's alleged breaches of fiduciary duty. Because Plaintiffs specifically brought this action to recover losses incurred by the Plan and to obtain redress for grievances against the Plan, both claims exist for the Plan's primary benefit. *See Munro*, 896 F.3d at 1092–93. Thus, the Plan is the relevant consenting party for Plaintiffs' ERISA §§ 502(a)(2) and (a)(3) claims.

3.     The Plan consented to arbitration, and the district court did not err in concluding that a valid arbitration agreement exists between the Plan and Live Nation absent applicable defenses. Live Nation must prove "the existence of an agreement to arbitrate by a preponderance of the evidence." *Norcia v. Samsung Telecomms. Am., LLC*, 845 F.3d 1279, 1283 (9th Cir. 2017) (quotation omitted). Under California law,[3] the existence of consent is "determined by objective rather than subjective criteria," with "the test being what the outward manifestations of consent would lead a reasonable person to believe." *Monster Energy Co. v. Schechter*, 444 P.3d 97, 102 (Cal. 2019) (quotation omitted); *see also DeLeon v.*

---

[3]     Federal courts typically "apply ordinary state-law principles that govern the formation of contracts to decide whether an agreement to arbitrate exists." *Norcia*, 845 F.3d at 1283 (quotation omitted). But because the arbitration agreement is within an ERISA plan, we apply federal common law, which looks to state law for guidance. *See Scott v. Gulf Oil Corp.*, 754 F.2d 1499, 1501–02 (9th Cir. 1985), *overruled on other grounds as recognized by Golden Gate Rest. Ass'n v. City & Cnty. of S.F.*, 546 F.3d 639 (9th Cir. 2008); *see also Evans v. Safeco Life Ins. Co.*, 916 F.2d 1437, 1439 (9th Cir. 1990) (per curiam). Here, we look to California law for guidance under the Plan's choice-of-law provision, which the parties do not challenge.

*Verizon Wireless, LLC*, 143 Cal. Rptr. 3d 810, 820 (Ct. App. 2012). Here, the Plan states that Live Nation has the authority to amend the Plan "for any reason, at any time . . . in such a manner as [Live Nation] shall deem advisable." Because the terms of the Plan expressly cede broad authority to Live Nation to amend its terms, a reasonable person would believe that the Plan consented to the addition of the arbitration provision. *See Monster Energy*, 444 P.3d at 102. Thus, the arbitration agreement is valid and enforceable unless Plaintiffs' unconscionability defenses are successful.

4.    We also hold in our concurrently filed opinion in *Platt* that the availability of the unconscionability defense is not preempted by ERISA because that defense arises from the Federal Arbitration Act rather than state law. *Platt*, slip op. at 20–21. The district court therefore erred in concluding that Plaintiffs' unconscionability defenses are foreclosed because the defenses are based in California law and thus preempted by ERISA. Accordingly, Plaintiffs may raise unconscionability defenses to arbitration, and the source of law for those defenses is federal common law. *See id.* at 21. We thus reverse in part and remand for the district court to consider Plaintiffs' unconscionability defenses in the first instance. *See All. for the Wild Rockies v. Petrick*, 68 F.4th 475, 490 n.4 (9th Cir. 2023).

**REVERSED IN PART AND REMANDED.**