NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

OCT 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HARSH ALKUTKAR,

             Plaintiff - Appellant,

   v.

BUMBLE, INC.; BUMBLE HOLDING, LTD.,

             Defendants - Appellees.

No. 24-6671

D.C. No.
4:22-cv-00422-PJH

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted October 7, 2025
San Francisco, California

Before: NGUYEN and BRESS, Circuit Judges, and BENNETT, District Judge.**

Harsh Alkutkar sued Bumble for false advertising. Bumble moved to compel

arbitration, and the district court granted the motion. Alkutkar appeals, arguing that

Bumble failed to show that he assented to arbitration. We have jurisdiction under 28

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Richard D. Bennett, United States Senior District Judge for the District of Maryland, sitting by designation.

U.S.C. § 1291, and we affirm.

We review the district court's grant of a motion to compel arbitration de novo and any underlying factual findings for clear error. *See Rogers v. Royal Caribbean Cruise Line*, 547 F.3d 1148, 1151 (9th Cir. 2008); *O'Connor v. Uber Techs., Inc.*, 904 F.3d 1087, 1093 (9th Cir. 2018). When considering whether an arbitration agreement was formed, we apply the summary judgment standard. *See Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021). The party seeking to compel arbitration bears the burden to "'prove the existence of a valid agreement by a preponderance of the evidence.'" *Knapke v. PeopleConnect, Inc.*, 38 F.4th 824, 832 (9th Cir. 2022) (quoting *Wilson v. Huuuge, Inc.*, 944 F.3d 1212, 1219 (9th Cir. 2019)).

Bumble presented evidence sufficient to demonstrate Alkutkar's assent to arbitration by a preponderance of the evidence. Alkutkar created a Bumble account in February 2016. Through its Wong and Chheena declarations, Bumble demonstrated that users who had created a Bumble account before January 18, 2021—the effective date of Bumble's arbitration agreement—and accessed the app afterwards were presented with a "blocker card" that prevented use of the app until they clicked an "I accept" button. The Blocker Card prominently stated that the updated terms contained an arbitration clause. Bumble also demonstrated that in March 2021, a user with Alkutkar's unique login credentials and device ID signed

in and used the app by swiping and making in-app purchases. These actions would have been prevented by the blocker card absent acceptance of the agreement. Based on this evidence, it was more likely than not that Alkutkar assented to arbitration by clicking through the blocker card.

Alkutkar argues that this showing was insufficient because Bumble did not have an actual record of Alkutkar's click on the "I accept" button. But under California law, which the parties agree governs here, such a record is not required, as "[a]n electronic record or electronic signature is attributable to a person if it was the act of the person." Cal. Civ. Code § 1633.9(a). This act "may be shown in *any manner*." *Id.* (emphasis added). Indeed, California courts have held that electronic signatures "can be authenticated by circumstantial evidence." *Ruiz v. Moss Bros. Auto Grp.*, 232 Cal. App. 4th 836, 843 (2014) (citing *People v. Skiles*, 253 P.3d 546, 552 (Cal. 2011)). Therefore, Bumble's showing was sufficient under California law.

Alkutkar further argues that Bumble cannot sufficiently authenticate his purported assent to arbitration because it failed to implement procedures to ensure that only Alkutkar could have accepted the arbitration agreement. For instance, he suggests that Bumble could require users to manually enter their unique login credentials. But California law imposes no such requirement. *Cf.* Cal. Civ. Code § 1633.9(a) ("the act of the person . . . may be shown in any manner"). Here, Bumble's evidence demonstrated the use of unique login credentials, the

demonstrable consequences of accepting the arbitration agreement through the blocker card (namely, the ability to use the app and make purchases), and a timeline of events indicating that the user swiped and made in-app purchases shortly after he would have accepted the agreement. All of this together is sufficient to authenticate the act of clicking through the blocker card as Alkutkar's act.

Alkutkar attacks the admissibility of Bumble's Wong and Chheena declarations as lacking foundation, lacking personal knowledge, and hearsay, among other things. Evidentiary rulings are reviewed for abuse of discretion. *See Domingo ex rel. Domingo v. T.K.*, 289 F.3d 600, 605 (9th Cir. 2002). Contrary to Alkutkar's arguments, Bumble's declarations were sufficiently supported by personal knowledge and foundation, as the declarants were familiar with the operation of the blocker card and Bumble's electronic user records. The district court did not abuse its discretion by overruling Alkutkar's other objections, particularly since they were "boilerplate" and "duplicative of the summary judgment standard." *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir. 2021) (quotation marks and citation omitted).

Finally, to rebut Bumble's showing, Alkutkar submitted two declarations from himself asserting that he never saw the blocker card. The first declaration also suggests that some other person may have used the Bumble app and accepted the agreement in Alkutkar's place. However, neither declaration creates a genuine

dispute of material fact, as we have "refused to find a 'genuine issue' where the only evidence presented is 'uncorroborated and self-serving' testimony." *Villiarimo v. Aloha Island Air*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Kennedy v. Applause, Inc.,* 90 F.3d 1477, 1481 (9th Cir. 1996)). Alkutkar's assertion that he did not see the blocker card is conclusory and self-serving, and his assertion that some other person may have accepted the agreement in his stead is uncorroborated.

Alkutkar also submitted five declarations from other Bumble users. Two of the declarants simply assert that they could not remember viewing the blocker card. The others say that when they opened the app in 2022—over a year after Alkutkar allegedly assented to arbitration—they saw no blocker card. The former declarations suffer from the same flaw as Alkutkar's, as they are conclusory and uncorroborated. And the latter are insufficiently probative, as they do not call into question Bumble's account of what Alkutkar would have seen in March 2021—particularly since Bumble was never provided with the information necessary to identify these other users and check their usage records to determine if their experiences were comparable to Alkutkar's. Therefore, these declarations from other users also fail to create a genuine dispute of material fact.

**AFFIRMED.**