NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 5 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MANUEL GONZALES, on behalf of himself and all others similarly situated, and the general public,

       Plaintiff - Appellee,

 v.

ROSE HILLS COMPANY, a Delaware corporation; SERVICE CORPORATION INTERNATIONAL, a business entity of unknown form; SCI SHARED SERVICES, INC.,

       Defendants - Appellants,

and

DIGNITY MEMORIAL, a business entity of unknown form, DOES 1-50, inclusive,

       Defendants.

No. 25-2951

D.C. No.
2:24-cv-04632-MEMF-AS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Maame Ewusi-Mensah Frimpong, District Judge, Presiding

Submitted December 1, 2025[**]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Pasadena, California

Before: CALLAHAN, OWENS, and KOH, Circuit Judges.

Defendants-Appellants Rose Hills Company, Dignity Memorial, Service Corporation International, and SCI Shared Services, Inc. ("SCI"), (collectively "Employers" or "Appellants") challenge the district court's denial of their motion to compel arbitration for failure to establish the existence of an arbitration agreement. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 9 U.S.C. § 16 and affirm.

"We review de novo the denial of a motion to compel arbitration, while underlying factual findings are reviewed for clear error." *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 855 (9th Cir. 2022) (cleaned up). Additionally, we "review evidentiary rulings for abuse of discretion and reverse if the exercise of discretion is both erroneous and prejudicial." *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1023 (9th Cir. 2022) (internal citation omitted).

The district court must determine "whether there is an agreement to arbitrate between the parties" before it "decid[es] whether to compel arbitration." *Zoller v. GCA Advisors, LLC*, 993 F.3d 1198, 1201 (9th Cir. 2021). In a challenge to the existence "of an arbitration agreement, the presumption in favor of arbitrability

---

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

25-2951

does not apply." *Goldman, Sachs & Co. v. City of Reno*, 747 F.3d 733, 742 (9th Cir. 2014). In evaluating a motion to compel arbitration, "district courts rely on the summary judgment standard of Rule 56 of the Federal Rules of Civil Procedure." *Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021).

"[C]ourts apply state-law principles of contract formation and interpretation" to determine whether an arbitration agreement was formed. *Suski v. Coinbase, Inc.*, 55 F.4th 1227, 1230 (9th Cir. 2022). The party seeking to compel arbitration bears the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence. *See Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014) (citing *Rosenthal v. Great W. Fin. Sec. Corp.*, 58 Cal. Rptr. 2d 875, 885 (Cal. 1996)).

1. Employers argue that the district court abused its discretion by excluding portions of testimony from two of their employees. We disagree.[1]

Employers sought to establish that Plaintiff-Appellee Manuel Gonzales[2] signed the agreement through testimony from two employees: Jessica Crawford, an

---

[1] Employers also argue for the first time in their reply brief that even if the district court correctly excluded their evidence, the evidence that the district court admitted sufficiently established the existence of the arbitration agreement. We do not address this argument because arguments raised for the first time in a reply brief are forfeited. *See Vasquez v. Rackauckas*, 734 F.3d 1025, 1054 (9th Cir. 2013).

[2] Manuel Gonzales was employed by Rose Hills Company, Service Corporation International, and SCI at times relevant to this case.

HR Compliance Manager at SCI, and Brian Pellegrin, Assistant VP of Information Technology at SCI. The district court did not abuse its discretion in excluding portions of those employees' testimonies because the employees lacked personal knowledge of whether Gonzales signed the purported agreement. *See* Fed. R. Evid. 602; Fed. R. Civ. P. 56(c)(4).

The district court rejected Crawford's testimony because her knowledge of Employers' electronic signature practices did not establish knowledge as to whether Gonzales actually signed the arbitration agreement. Crawford stated that "all employees of Rose Hills, including [Gonzales], were required to use the Workday system to review and, *when applicable*, electronically signed [sic] documents relating to their employment with Rose Hills." This statement says nothing about whether the requirement to electronically sign documents was *applicable* to Gonzales and further fails to establish knowledge of Gonzales' actual conduct.

The district court also rejected Pellegrin's testimony for similar reasons. The court held that Pellegrin inappropriately testified that Gonzales signed the agreement because "at best, Pellegrin can testify only as to what he observes was done with [Gonzales's] login information," and did not rule out the "possibility that someone else gained and used [Gonzales's] login information." The district court did not abuse its discretion by concluding that Pellegrin lacked personal

4                                                                                    25-2951

knowledge of whether Gonzales signed the arbitration agreement.

Employers fail to persuade us that the district court abused its discretion by misapplying the law. *See United States v. Nguyen*, 465 F.3d 1128, 1130 (9th Cir. 2006) (district court abuses discretion when its evidentiary rulings are based on "an erroneous view of the law"). The cases Employers point to where a party seeking to enforce arbitration successfully authenticated the arbitration agreement are inapposite to the instant case. *See Prostek v. Lincare Inc.*, 662 F. Supp. 3d 1100, 1114 (E.D. Cal. 2023) (concerning a handwritten signature); *Jones-Mixon v. Bloomingdale's, Inc.*, 2014 WL 2736020, at *4 (N.D. Cal. June 11, 2014) (concerning consent by failure to opt out). Employers' other cases in which the party seeking to enforce an arbitration agreement adequately authenticated the electronic signature on that agreement also do not control. In those cases, the party seeking to enforce the arbitration agreement provided more relevant evidence than Employers did here. *See Tagliabue v. J.C. Penney Corp., Inc.*, 2015 WL 8780577, at *3 (E.D. Cal. Dec. 15, 2015) (concluding sufficient authentication when plaintiff "was required to re-sign the arbitration agreement"); *Espejo v. S. Cal. Permanente Med. Grp.*, 201 Cal. Rptr. 3d 318, 329 (Ct. App. 2016) (finding adequate authentication where there was detailed information about "the steps an applicant would have to take" to make an electronic signature). Even if "reasonable minds could have reached different conclusions" in this case, *Medrano v. City of Los*

*Angeles*, 973 F.2d 1499, 1507 (9th Cir. 1992), the district court did not abuse its discretion.

2. We also reject Employers' challenge to the district court's conclusion that Gonzales adequately challenged the existence of the arbitration agreement. Gonzales stated that he did not recall signing the arbitration agreement and that he would only sign documents by hand with his written signature. The district court correctly held that this was sufficient. *See Ruiz v. Moss Bros. Auto Grp., Inc.*, 181 Cal. Rptr. 3d 781, 790 (Ct. App. 2014) (finding adequate challenge to the existence of an arbitration agreement when opposing party "claimed he did not recall signing the [arbitration] agreement and would not have signed it had it been presented to him.").

3. Finally, the district court was not required to furnish Employers with additional opportunities to respond and engage in discovery. A "district court is vested with broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial." *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996) (internal quotation marks omitted). Employers argue that the district court should have allowed supplemental briefing and granted discovery because Employers were surprised by the court's conclusion that their evidence was internally contradictory. But the district court identified issues that "concern matters within [Employers'] own knowledge," for which Employers had "ample

6                                                                                    25-2951

time to present sufficient evidence" and for which discovery through deposition of Gonzales would have been inappropriate. Thus, the district court's decision to decline supplemental briefing and discovery did not constitute an abuse of discretion.

**AFFIRMED.**