NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 21 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARISSA BOISVERT, | No. 25-5387 |
| Plaintiff - Appellee, | D.C. No. 8:24-cv-01570-MEMF-JDE |
| v. | MEMORANDUM[*] |
| EXPERIAN INFORMATION SOLUTIONS, INC., | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Maame Ewusi-Mensah Frimpong, District Judge, Presiding

Submitted April 16, 2026[**]
Pasadena, California

Before: PAEZ, CALLAHAN, and BUMATAY, Circuit Judges.

Carissa Boisvert sued Experian Information Solutions under the Fair Credit Reporting Act. *See* 15 U.S.C. § 1681e(b). Experian moved to compel arbitration, which the district court denied without prejudice. Experian appeals.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction to review the district court's order denying Experian's motion under 28 U.S.C. § 1291 and 9 U.S.C. § 16(a)(3), even though that order was "nonfinal and the district court . . . reserved ruling on the merits." *Hansen v. LMB Mortgage Servs., Inc.*, 1 F.4th 667, 672 (9th Cir. 2021). We review an order denying a motion to compel arbitration de novo and review any underlying factual findings for clear error. *O'Connor v. Uber Technologies, Inc.*, 904 F.3d 1087, 1093 (9th Cir. 2018). We reverse.

Under 9 U.S.C. § 4, "a court is not authorized to dispose of a motion to compel arbitration until after [material] factual disputes have been resolved." *Knapke v. PeopleConnect, Inc.*, 38 F.4th 824, 831 (9th Cir. 2022) (quoting *Hansen*, 1 F.4th at 671). The party seeking to compel arbitration bears the burden to show that there is no genuine dispute of a material fact "by a preponderance of the evidence." *Id.* at 832. Absent a genuine dispute of a material fact, the parties should be ordered to arbitrate. *See Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 510 (9th Cir. 2023).

In assessing a motion to compel arbitration, a court must first determine "whether a valid agreement to arbitrate exists." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (simplified). Here, Experian provided unrebutted evidence that Boisvert had created a CreditWorks account. Experian also provided unrebutted evidence that, in order to create a CreditWorks account, Boisvert had to click and accept its Terms of Use Agreement containing an

25-5387

arbitration agreement.

Boisvert claims there is a genuine dispute of fact as to whether she entered an agreement to arbitrate. But she never denied that she created a CreditWorks account or that she agreed to arbitrate. Boisvert only declared that she didn't *remember* enrolling in CreditWorks or agreeing to arbitrate. We have repeatedly held that because failure to remember an action is "not mutually exclusive" with that action, failure to remember is not enough to create a genuine dispute of fact. *See Blanford v. Sacramento County*, 406 F.3d 1110, 1113 n.3 (9th Cir. 2005) ("Blanford testified that he did not remember . . . This is insufficient to allow a reasonable jury to conclude that Blanford did not do these things[.]"); *see also Fed. Election Comm'n v. Toledano*, 317 F.3d 939, 950 (9th Cir. 2002) (noting that "failure to remember and lack of knowledge [alone] are not sufficient to create a genuine dispute").

We therefore reverse the district court's finding of a factual dispute regarding whether Boisvert enrolled in a CreditWorks account. The district court made no other findings necessary to determine whether the motion to compel arbitration should be granted. We thus remand to the district court to decide whether "a valid agreement to arbitrate exists" and whether "the scope of the agreement encompasses [Boisvert's] claims." *Fli-Lo Falcon, LLC v. Amazon.com, Inc.*, 97 F.4th 1190, 1194 (9th Cir. 2024) (simplified).

**REVERSED AND REMANDED.**